IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| Frederick Tetor, | ) | Civil Action No. 2:17-cv-1791-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| The Town of Mount Pleasant, SC, | ) | |
| School Wheels Direct, Inc. and | ) | |
| Student Transportation of America, | ) | |
| Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**COMPLAINT**
Jury Trial Demanded

Plaintiff, Frederick Tetor, complaining of Defendants above-named would respectfully show unto this Honorable Court the following:

**I. Parties, Jurisdiction, and Venue**

1. That Plaintiff is a citizen and resident of Berkeley County, South Carolina.

2. That Defendant Town of Mount Pleasant (hereinafter "Defendant Town") is a municipality situated in Charleston County, South Carolina.

3. That, upon information and belief, Defendant School Wheels Direct, Inc. ("Defendant School Wheels") is a private company that was retained, engaged or contracted by Defendant Town to provide public transportation services to people attending Defendant Town's Blessing of the Fleet & Seafood Festival in 2017. That Defendant School Wheels is incorporated in the State of Delaware, but it provides transportation services in South Carolina, including in Charleston County.

4. That, upon information and belief, Defendant Student Transportation of America, Inc. ("Defendant Student Transportation") is a private company that was retained, engaged or contracted by Defendant Town to provide public transportation services to people attending Defendant Town's Blessing of the Fleet & Seafood Festival in 2017. That Defendant Student Transportation is incorporated in the State of Delaware, but it provides transportation services in South Carolina, including in Charleston County.

5. That this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because one of Plaintiff's claims asserted herein arises out of the laws of the United States, namely the Americans with Disabilities Act of 1990, 41 U.S.C. § 12101, *et. Seq.*. That this Court has pendent jurisdiction over Plaintiff's claims that arise under the laws of the State of South Carolina.

6. That venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant Town is situated in the Charleston Division, Defendants School Wheels and Student Transportation conduct business in the Charleston Division, and the unlawful incident giving rise to Plaintiff's claims were committed within the Charleston Division.

## II. Facts

7. That Defendant Town organizes, plans, advertises, and carries out a public event called "Blessing of the Fleet & Seafood Festival." That in 2017 the "Blessing of the Fleet & Seafood Festival" took place on Sunday, April 30, 2017, at Memorial Waterfront Park in Mount Pleasant.

8. That, in advertising the Blessing of the Fleet & Seafood Festival, Defendant Town promoted the fact that, because parking is limited at the Memorial Waterfront Park, attendees

could park remotely at various locations in Mount Pleasant and enjoy a free shuttle ride to the site of the event and Defendant town established certain scheduled times when buses would pick up attendees at the designated parking lots. That, among the transportation options, Defendant Town provided for a handicap-accessible shuttle.

9.     That, among other obligations, Defendant Town was required to ensure Defendant School Wheels and Defendant Student Transportation employed, engaged, or contracted with drivers who were knowledgeable of applicable laws, including the ADA, and specifically with the requirement that passengers using a service animal would have full access to all buses on the day of the "Blessing of the Fleet & Seafood Festival."

10.    That Plaintiff uses a service animal, a German Shepherd, named "Chief," because Plaintiff suffers from symptoms of Post-Traumatic Stress Disorder which the ADA views as a "disability." That Plaintiff's Post-Traumatic symptoms arose from his work as a firefighter.

11.    That Chief has been individually trained to do work and/or perform services for Plaintiff. That at all times relevant hereto, Chief was leashed and wore a vest identifying him as a service animal.

12.    That on April 30, 2017, Plaintiff, his wife, and their five children and his service dog, were going to the Blessing of the Fleet & Seafood Festival to join other family members in participating in a nephew's becoming engaged to be married.

13.    That Plaintiff, his wife, and their children, along with Chief, parked their car at James B. Edwards School in Mount Pleasant, which was a designated parking site for the Blessing of the Fleet & Seafood Festival, and as they exited their vehicle, a bus operated by an agent of Defendant School Wheels and/or Defendant Student Transport, stopped, the driver opened the

bus door, she looked at Plaintiff, his family, and his service dog, and she closed the door without allowing them entry and drove out of the lot.

14.     That, thereafter, a second bus operated by an agent of Defendant School Wheels and/or Defendant Student Transport passed through the parking lot at James B. Edwards school where Plaintiff, his family, and his service dog were waiting, and that bus went a different route through the parking lot, not stopping to pick up Plaintiff, his family, and his service dog.

15.     That, thereafter, Plaintiff, his family, and his service dog, went to the pick-up area at James B. Edwards school and they waited for 15-20 minutes.  That a third bus operated by an agent of Defendant School Wheels and/or Defendant Student Transport, stopped, opened the door of the bus, saw Chief, and said there were no dogs allowed on the bus.  That Plaintiff explained that Chief was a service dog, but the driver was unyielding and she shut the bus door. That after a few minutes, during which time Plaintiff, his family and service dog, waited outside the bus while those passengers inside the bus and those also waiting at the pick-up area, watched, the driver opened the bus door, said, "Mr. DeWitt said the dog can't get on the bus," and she left the parking lot, again leaving Plaintiff, his family, and his service dog, without a ride to the event.

16.     That sometime thereafter, a fourth bus operated by an agent of Defendant School Wheels and/or Defendant Student Transport, arrived at James B. Edwards.  That, an officer of the Mount Pleasant Police Department, PFC Raley, was also on the scene and when the bus stopped, PFC Raley entered the bus and spoke with the driver, who was an agent of Defendant School Wheels and/or Defendant Student Transport.  That PFC Raley then exited the bus, addressed Plaintiff, and told him and his family that he was calling for a "special bus" for Plaintiff, his family, and

4

his service dog. That while this transpired, other passengers passed by Plaintiff, his family, and his service dog, boarded the bus, and the bus left Plaintiff and his family standing in the lot.

17.     That the "special bus" that later arrived was a handicapped bus that allowed Plaintiff, his family, and his service dog to enter. That the handicapped bus made a stop at East Cooper Medical Center before delivering Plaintiff, his family, and his service dog to the Blessing of the Fleet & Seafood Festival.

18.     That the aforementioned events, to wit: Plaintiff, his family, and his service dog being denied access to four buses operated by Defendant School Wheels and/or Defendant Student Transport, took over one hour, during which time Plaintiff, his family, and his service dog, stood outside at James B. Edwards school, being denied transport while numerous passengers were driven on buses arranged by Defendant Town.

19.     That when Plaintiff, his family, and his service dog were finally delivered to the Memorial Park where the Blessing of the Fleet & Seafood festival took place, the driver who drove them on the "special bus" told them they could not ride any bus they chose to leave the event and return to their vehicle that was parked at James B. Edwards school; rather, they would have to wait for another handicap bus to return them to their vehicle.

**FOR A FIRST CAUSE OF ACTION**
**(Violation of the ADA, Section II Against Defendant Town)**

20.     That Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim.

21.     That Defendant Town organized, planned, promoted, and carried out the Blessing of the Fleet & Seafood Festival.

22.     That part of the planning for the event included arranging for transportation for attendees

who could park in remote lots and be shuttled to Memorial Waterfront Park where the event occurred.

23. That Title II of the ADA applies to State and local government entities, such as Defendant Town, and Subtitle A of Title II protects qualified individuals with disabilities, such as Plaintiff, from discrimination on the basis of disability in services, programs, and activities provided by State and local government entities.

24. That in engaging and/or contracting with transportation companies such as Defendant School Wheels and Defendant Student Transportation, Defendant Town had a duty to ensure that those companies complied with all applicable laws, including the Americans with Disabilities Act of 1990, Section II insofar as those companies would be required to refrain from discriminating against persons with disabilities such as Plaintiff.

25. That Defendant Town breached such duty, and thereby violated Title II of the ADA, by engaging companies such as Defendant School Wheels and Defendant Student Transportation whose drivers were ignorant of the ADA's requirements relating to the use of service animals by people with disabilities such as Plaintiff.

26. That such breach constitutes a violation of the ADA, Section II.

27. That as a direct and proximate result of Defendant Town's violation of the ADA, Section II, Plaintiff suffered actual damages in the form of emotional distress, humiliation, embarrassment, inconvenience and anguish and is entitled to recover in this action actual and compensatory damages from Defendant Town sufficient to compensate him for his losses caused by this Defendant's unlawful violation of the ADA.

28. That Plaintiff is also entitled to an award of reasonable attorneys' fees, expert fees, and

costs incurred in bringing this action.

## FOR A SECOND CAUSE OF ACTION
### (Violation of the ADA, Section III Against Defendants School Wheels and Student Transportation)

29. That Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim.

30. That Defendants School Wheels and Student Transportation were retained, engaged, contracted and/or employed by Defendant Town to provide public transportation to people attending the Blessing of the Fleet & Seafood Festival.

31. That as private companies, Defendants School Wheels and Student Transportation are required by Section III of the ADA to refrain from discriminating against people with disabilities in, among other particulars, providing services to them. That this mandate would effectively require Defendants to allow persons with disabilities, such as Plaintiff, to use service animals on their buses as long as such animals were leashed and otherwise under control.

32. That on April 30, 2017, these Defendants violated applicable provisions of the ADA when they, and/or those acting at their direction and/on their behalf as Defendants' agents, contractors, and/or employees, denied Plaintiff and his service animal access to buses on up to four occasions, then, when they finally did allow Plaintiff and his service animal on a bus, they made him ride a "special bus," meaning one intended for handicapped riders.

33. That such denial of access and such stigmatizing when services finally were provided violates the ADA, Section III.

34. That as a direct and proximate result of Defendant School Wheel's and Defendant Student Transportation's violation of the ADA, Section III, Plaintiff suffered actual damages in the form of emotional distress, humiliation, embarrassment, inconvenience and anguish and is

entitled to recover in this action actual and compensatory damages from Defendant School Wheels and Defendant Student Transportation sufficient to compensate him for his losses caused by these Defendants' unlawful violation of the ADA.

35. That Plaintiff is also entitled to an award of reasonable attorneys' fees, expert fees, and costs incurred in bringing this action.

## FOR A THIRD CAUSE OF ACTION
### (Negligent Supervision Against Defendants Town, School Wheels and Student Transportation)

36. That Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim.

37. That Defendants knew or should have known of the need to train and supervise their agents, employees and/or contractors on the mandates of the ADA as relate to people with disabilities, such as Plaintiff, and to such persons' use of service animals.

38. That these Defendants failed to properly train their agents, employees, and/or contractors on the ADA's mandates and/or they failed to ensure that their agents, employees, and/or contractors followed the ADA's mandates as relate to the use of service animals by people with disabilities.

39. That such negligence even extends to supervisors who were agents, employees and/or contractors of these Defendants, to wit: Defendants' agent DeWitt who told a driver she did not have to allow a person with a service animal entry onto one of the buses.

40. That as a direct and proximate result of these Defendants' negligent training and/or supervision of their agents, employees, and/or contractors, Plaintiff suffered actual damages in the form of emotional distress, humiliation, embarrassment, inconvenience and anguish and is entitled to recover in this action actual and compensatory damages from Defendants Town,

School Wheels and Student Transportation sufficient to compensate him for his losses caused by these Defendants' negligence.

WHEREFORE, having fully set forth her allegations against Defendants Town, School Wheels and Student Transportation, Plaintiff respectfully requests the following relief:

1. Actual damages;

2. Compensatory damages;

3. Punitive damages as allowable;

4. Attorneys' fees, expert fees, and costs; and

5. Such further relief as the Court deems just and appropriate.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

RESPECTFULLY SUBMITTED,

s/Amy L. Gaffney
Amy L. Gaffney
Federal I.D. Number: 6316
Gaffney Lewis & Edwards, LLC
3700 Forest Drive, Suite 400
Columbia, SC 29204
(803) 790-8838
(803) 790-8841—facsimile
agaffney@glelawfirm.com

s/Michael J. Jordan
Michael J. Jordan
Federal I.D. Number: 10304
Steinberg Law Firm, LLP
Post Office Box 1028
Goose Creek, SC 29445
(843) 572-0700
(843) 572-1871 – facsimile
mjordan@steinberglawfirm.com

This the 10th day of July, 2017